# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSEPH LOREN PRICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | No. CIV-24-769-R |
| | ) | |
| **THE OKLAHOMA STATE** | ) | |
| **DEPARTMENT OF EDUCATION,** | ) | |
| **and RYAN WALTERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiff's Objection to the Notice of Removal [Doc. 2] of this case. The Court ordered Defendants to show cause as to why removal was proper to this court, given that the court in which the state action was commenced is not within the Western District of Oklahoma. Doc. 5. Defendants filed a Response [Doc. 7]. They claim the initial venue of the state court action in Mayes County, Oklahoma, was improper. Defendants removed the case concurrently to both this District and the Northern District of Oklahoma, and they have filed a Motion to Transfer Venue to this Court with the Northern District.

Upon consideration of Defendants' Response, the Court REMANDS this case. While Defendants may wish this case to proceed in this District, they must follow the proper procedure. It is the plain text of the statute governing the removal of civil actions that a case must be removed "to the district court of the United States for the district and

division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Moreover, removal statutes are to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Mayes County is not within this District; thus, removal to this District is improper. Defendants may seek transfer of the case to this District through motion practice in the proper venue for the case at this time—the Northern District of Oklahoma.

**IT IS SO ORDERED** this 26th day of August 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE